FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 APR -9  PM 1:57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

Civil Case Number: _____

3:18-cv-470-J-32MCR

Belinda Bobbitt,

    Plaintiff,

vs.

Diversified Consultants, Inc.,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Belinda Bobbitt, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants reside in this District.

### PARTIES

3. The Plaintiff, Belinda Bobbitt ("Plaintiff"), is an adult individual residing in Marion, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Diversified Consultants, Inc. ("Diversified"), is a Georgia business entity with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville,

Florida 32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

8. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

9. Within the last year, Diversified began calling Plaintiff in an attempt to collect the Debt from Redford (the "Debtor"), who is unknown to Plaintiff.

10. On or about October 13, 2017, Plaintiff advised Diversified that she was not the Debtor, that she did not know the Debtor or his whereabouts and that she was in no way associated with the Debt or responsible for its repayment.

11. Plaintiff requested that all calls to her cease.

12. Nonetheless, Diversified continued placing repeated collection calls to Plaintiff, causing Plaintiff a great amount of annoyance and frustration.

### C. **Plaintiff Suffered Actual Damages**

13.  The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

14.  As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15.  The Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as though fully stated herein.

16.  The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted Plaintiff for purposes other than to confirm or correct location information.

17.  The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

18.  The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19.  The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20.  The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED

Dated: April 4, 2018

Respectfully submitted,

By  */s/ Tamra Givens*
Tamra Givens, Esq.
Fla. Bar No. 657638
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com